# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                                                       Telephone: (212) 317-1200
New York, New York 10165                                                                             Facsimile: (212) 317-1620
ramsha@csm-legal.com

July 13, 2022

**VIA ECF**
Honorable Andrew L. Carter, Jr.
Thurgood Marshall
40 Foley Square
New York, NY 10007

        Re:    Aniseto et al v. Just Another Deli, Inc. et al
                Index No. 1:20-cv-07991-ALC-SDA

Your Honor:

      This office represents Plaintiff in the above-referenced matter. This letter is written jointly with Defendants' Counsel to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

      Plaintiff has agreed to settle all of his claims in this action.  Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel.  There was no fraud or collusion by any of the Parties during the settlement process.  The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

      The Parties have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests.  For these reasons, and based on the reasons set forth below, the parties respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

I.    **Background**

      Plaintiff filed a Complaint against Defendants alleging claims for unpaid overtime compensation; the failure to provide wage notices; the failure to provide accurate wage statements; unlawful deductions from wages; the failure to pay spread of hours; and the failure to pay wages on a timely basis, along with liquidated damages, interest, attorneys' fees, and costs pursuant to, *inter alia*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations.  Plaintiff alleges that he is entitled to back wages of approximately $158,242.59 and would be entitled to approximately $416,617.19 if he had recovered in full for his claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs.  A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Plaintiff contends he was employed by Defendant's deli, located at 1414 Madison Avenue, New York, NY 10029 under the name "Q Marqet." Plaintiff was employed by Defendants from approximately 2010 until on or about April 2020. Plaintiff alleges that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations.

Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiff to be entitled to the above-claimed sums. Specifically, the individual Defendant, Mr. Meier, denies that he is an employer within the meaning of the FLSA and NYLL. Furthermore, the corporate Defendant also denies that Plaintiff was a bona fide employee

## II.   The Proposed Settlement is Fair and Reasonable

The Parties have agreed to settle this action for the total sum of $6,500.00. Pursuant to the Agreement, the Settlement Amount shall be paid thirty days after the Court's approval of the Agreement and the dismissal of this action with prejudice. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were contested factual and legal disputes. Defendants produced financial records showing their limited financial resources to settle Plaintiff's claims or satisfy a judgment. Therefore, it would have been difficult for Plaintiff to enforce a large judgment against Defendants and collect it in full. Furthermore, given the individual Defendant's alleged involvement in the business, Plaintiff has a risk of being unable to collect any judgment against a corporate Defendant in full. Even if Mr. Meier was deemed an employer and held liable for Plaintiff's damages, he is currently terminally ill with no collectible assets, which would likewise leave Plaintiff with a worthless judgment.

Considering these risks, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiff believes that this settlement and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

### III. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive $2,484.66 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation after costs and represents a negative multiplier of the lodestar amount.

Plaintiff's counsel's lodestar in this case is $2,217.00 and Plaintiff's costs are $477.00. A copy of Plaintiff's billing record is attached as "Exhibit C." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 ,at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of the attorneys who performed billable work on behalf of Plaintiff, including the effective billable rates which Plaintiff respectfully requests the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007)):

i. Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. See, e.g., *Manley v. Midan Rest. Inc*., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

ii. I, Ramsha Ansari have been a Litigation Associate at CSM Legal, P.C since January 2022. I am reflected in Exhibit C as "RA" and billed at a rate of $300 per hour. I graduated from Brooklyn Law School in 2020 and am admitted to the New York Bar, United States District Court Southern District of New York, and the United States District Court, Eastern District of New York. Prior to joining this firm, I worked as an associate at a firm's Labor and Employment Department representing Plaintiffs in discrimination, sexual harassment, and wage and hour lawsuits.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s Ramsha Ansari
Ramsha Ansari, Esq
CSM Legal, P.C.
*Attorneys for Plaintiff*

cc: All Counsel (via ECF)